Dona Jean Shoenhair, R. N., Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs and The State Board of Nurse Examiners, Respondents.

Argued February 3, 1983, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Michael I. Levin, Cleckner and Fearen,* for petitioner.

*Mary S. Wyatte,* Assistant Counsel, with her *Edward D. Frank, II,* Chief Counsel, *David F. Phifer,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, May 9, 1983:

Petitioner[1] filed this petition for review challenging an order of the State Board of Nurse Examiners (Pennsylvania Board) which revoked her Pennsylvania nursing license pursuant to Section 12(6) of The Professional Nursing Law (Law), Act of May 22, 1951, P.L. 317, *as amended,* 63 P.S. §224(6), which provides:

The Board may suspend or revoke any license in any case where the Board shall find that— . . .

---

[1] Dona Jean Shoenhair.

(6) The licensee has his license suspended or revoked in another state, territory or country.

Petitioner was licensed as a registered nurse in Florida and in Pennsylvania. The Florida Board of Nursing (Florida Board) revoked Petitioner's license effective September 7, 1978. The relevant facts leading to this revocation follow.

On March 29, 1978, the Florida Board issued an administrative complaint against Petitioner charging her with unprofessional conduct in violation of Florida law. Specifically, she was charged with six counts of failing to properly chart the administration of drugs; one count for taking a telephone order from a physician for a controlled narcotic for which the doctor never signed an order slip; and another count for sleeping on duty.

Petitioner waived her right to an administrative hearing before the Florida Board because she claims she did not have the financial means to obtain the services of an attorney, nor did she have any means of transportation to travel from Daytona (where she was living) to Miami (where she stated the hearing was to be held). She further stated that she was unaware that the Florida action would have any impact on her Pennsylvania nursing license. The Pennsylvania Board found these facts to be true.

At the next scheduled Board meeting, the Florida Board found that Petitioner was guilty of unprofessional conduct and ordered that her license to practice nursing be revoked. Petitioner did not petition the Florida Board for reconsideration, nor did she apply for reinstatement of her license.

In June of 1980, Petitioner returned to Pennsylvania and began working at the Collins Nursing Home as the night supervisor. She supervised five nurses aides and one licensed practical nurse who provided direct patient care to seventy-two patients.

In December of 1980, Petitioner received a citation and notice of hearing from the Pennsylvania Board to determine whether Petitioner's Pennsylvania license should be suspended or revoked on the basis of the revocation of her Florida license under Section 12(6) of the Law.

The Pennsylvania Board properly found that Petitioner's violation of Section 12(6) was proven by the admission into the record of the Florida Board's certified judgment revoking Petitioner's nursing license. On the basis of the Florida revocation the Pennsylvania Board revoked Petitioner's Pennsylvania license. In a similar case, involving the revocation of a license to practice medicine in Pennsylvania following revocation of that same doctor's license to practice medicine in the state of Washington, this Court found that:

> The certified documents of the Washington Board concerning the events which occurred in the State of Washington provided sufficient competent evidence to support the Pennsylvania Board's determination.

*Johnston v. State Board of Medical Education and Licensure,* 49 Pa. Commonwealth Ct. 9, 14, 410 A.2d 103, 105-106 (1980).

The Pennsylvania Board held that despite the fact Petitioner was conducting herself in a professional, responsible manner now,[2] that it could not overlook the misconduct the Florida Board found on numerous occasions while Petitioner was employed at two different Florida hospitals. The Pennsylvania Board stated:

> Nursing documentation is the focus for multi-disciplines as it is used to assess, plan and implement care. Therefore, it should always be

---

[2] Petitioner presented the testimony of her Pennsylvania employer that her work was satisfactory and without incident as far as her charting and administration of drugs were concerned.

consistent, accurate and complete . . . Given the fact that dangerous drugs were involved, [Petitioner's] actions carried a great potential for patient injury. Her misconduct clearly undermines the high standards of professionalism and integrity intrinsic to the practice of professional nursing in this Commonwealth.

Before this Court, Petitioner alleges that the action of the Florida Board was based upon an involuntary and unintelligent waiver of her right to a hearing. She avers that the Pennsylvania revocation is violative of her due process rights since it was dependent on this allegedly faulty Florida proceeding and therefore Section 12(6) of the Law is unconstitutional.

Petitioner cites no case law for her assertion that she can challenge her waiver of a Florida hearing in this Pennsylvania proceeding, nor have we found any law permitting this challenge. Rather, in *Johnston*, 49 Pa. Commonwealth Ct. at 14, 410 A.2d at 106, this Court dealing with a similar issue stated:

Finally, petitioner's arguments concerning the procedural and substantive validity of the Washington Board's action are properly addressed, as petitioner has done, to the courts of the State of Washington. Since the Pennsylvania Board is acting on the *fact* of disciplinary action in another state rather than the underlying events leading to that action, the substance of the charges and the procedure utilized in their resolution must . . . be considered immaterial. (Emphasis in original.)

The law is clear. Petitioner cannot collaterally attack[3] the Florida waiver in this Court by asking us to re-

---

[3] In *County of Beaver v. Pennsylvania Public Utility Commission*, 28 Pa. Commonwealth Ct. 511, 369 A.2d 509 (1977), this Court held that a party who fails to appeal an administrative order imposing some liability upon it cannot contest a matter covered therein in a later proceeding.

verse the revocation imposed by the Pennsylvania Board, on the basis that her waiver of rights was constitutionally invalid before the Florida Board.

Since Petitioner cannot challenge the validity of her waiver of rights to a Florida hearing in this Court, and since she failed to challenge the validity of her waiver by means of the Florida appellate courts, we are bound by the Florida revocation and the presumption of its integrity and validity. We therefore do not find that the Pennsylvania Board erred when it considered the Florida Board's revocation, nor do we find that the Pennsylvania Board violated Petitioner's due process right for so acting. Petitioner was given a full hearing by the Pennsylvania Board, and provided with an opportunity to present evidence in her behalf, as well as to examine and cross-examine witnesses.

Petitioner in her brief admits that a licensing statute does not violate due process where it permits revocation of a license on the basis of a sister state's revocation and cites to *Johnston,* where this Court decided that issue. Having conceded this point, she wishes only to raise the issue to preserve it for a possible appeal. As a result, we need not extrapolate on that point any further.

Petitioner next contends that the Pennsylvania Board abused its discretion when it revoked Petitioner's license solely on the basis of the Florida revocation. Petitioner avers that the charges in Florida were not proven with reliability; that the charges were not serious; that she was not guilty of any of the charges except sleeping on the job, for which she had good reason; that her performance currently in Pennsylvania was found to be satisfactory; that she is a responsible registered nurse with good moral character; that she needs her job to support herself; and that due to the nursing shortage, her employer would be at a hardship if he could not employ her. We cannot say as a mat-

ter of law that the Pennsylvania Board abused its discretion where, as here, it is proven that Petitioner's nursing license was revoked in a sister state and where all of the mitigating factors presented by the Petitioner were considered before the revocation was ordered.

We, therefore, affirm the order of the Pennsylvania Board.

### ORDER

It is ordered that the order of the State Board of Nurse Examiners dated January 22, 1982 and numbered RN-171360-L is hereby affirmed.