Kenneth Leroy BUTTS, Appellant (Petitioner),

v.

WYOMING STATE BOARD OF ARCHITECTS, Appellee (Respondent).

No. 95–106.

Supreme Court of Wyoming.

Feb. 26, 1996.

Kathy Karpan of Karpan & White Law Offices, L.C., and William D. Bagley, Cheyenne, for appellant.

William U. Hill, Attorney General, Bill G. Hibbler, Sr. Assistant Attorney General, John S. Burbridge, Assistant Attorney General, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Kenneth L. Butts (Butts) appeals the Wyoming State Board of Architects and Landscape Architects (Board) decision to suspend his Wyoming architect license for a violation of WYO.STAT. § 33–4–115(a)(vii). The decision was based on the lifetime suspension of Butts' architect license by the state of Kentucky pursuant to a settlement agreement between Butts and the state of Kentucky.

We affirm.

## ISSUES

Butts presents the following issues:

1. Whether the Wyoming Statutes and Board rules provided sufficient due process notice concerning the nature and elements of the offense of "plan stamping."

2. Was it arbitrary, capricious and an abuse of discretion for the Wyoming board to rubber stamp the Kentucky result without determining whether the same conduct violates the Wyoming statute and rules.

3. Whether the Board order is supported by substantial evidence.

The Board reiterates the issues recited by the district court in its Order Certifying Case to the Wyoming Supreme Court, taken from Butts' Petition for Review. We accepted and certified this case based upon that order.[1]

I. Whether the Board abused its discretion by following the mandatory provisions of its rules, Chapter XIII, Section 12.

II. Whether the Board's decision is supported by substantial evidence.

III. Whether the Wyoming Architect and Landscape Architect Practice Act, W,S. § 33–4–101, *et seq.*, and board rules, provide due process notice that a settlement agreement and order entered in another state might result in the loss of licensure to practice in Wyoming.

---

1. We note that Butts failed to present the first issue stated in his Petition for Review, either in his brief or at oral argument. This Court will not consider issues unsupported by cogent argument or pertinent authority. *Earlywine v. Peterson,* 885 P.2d 861, 864 (Wyo.1994). Therefore we decline to consider "[i]s a decision of the Board not in compliance with the mandatory provision of Chapter XIII, Section 12 of its own Rules void?"

## FACTS

Butts was previously licensed to practice architecture in all fifty states. He made his living reviewing architectural plans for stores in malls across the country and reviewing plans for prototypical buildings erected by major franchises.

Butts faced disciplinary action in Kentucky before the Kentucky Board of Examiners and Registration of Architects (Kentucky Board) for "plan stamping" in violation of K.R.S. 323.120(1)(f). Butts and the Kentucky Board entered into a settlement agreement and order in November, 1993. Butts did not admit or deny the truthfulness of the allegations or that his conduct was inappropriate in the settlement agreement and order. However, Butts agreed to suspension of his license until the end of his current licensure period, which ended June 30, 1994, agreed not to attempt to renew his license in Kentucky, and was fined one thousand dollars.

The National Council of Architectural Registration Boards revoked its certification of Butts due to the Kentucky suspension and notified the Wyoming Board's administrator of the disciplinary action taken in Kentucky. Having heard of the Kentucky action, the administrator asked for and obtained certified copies of the notice of hearing, investigation memorandum and the settlement agreement and order for the Kentucky action. Based on the information from Kentucky, the Board filed a formal complaint against Butts, charging him with violating WYO.STAT. § 33–4–115(a)(v) and (vii).[2] The Board noticed and held a hearing based on the charges against Butts in Wyoming. The Board received into evidence a certified copy of the Kentucky settlement and order, an investiga-

tion memorandum from Kentucky, several exhibits presented by Butts in mitigation of the Kentucky "plan stamping" charge and testimony from Butts and one of his colleagues in Kentucky.

The Board suspended Butts' architect license in Wyoming until December 31, 1995, and ordered that his license not be considered for reinstatement for a minimum of three years from that date. The Board based the suspension on a violation of WYO. STAT. § 33–4–115(a)(vii) and Board Rules, Chapter XI, Section 1(g),[3] because the Kentucky settlement agreement and order suspended his license in Kentucky. Butts filed a petition for review to the district court. The district court certified the issues to this Court pursuant to WYO.R.APP.P. 12.09(b).

## STANDARD OF REVIEW

■ WYO.STAT. § 33–4–108 (Supp.1995) provides: "All decisions of the board involving the granting, denial, renewal, revocation, suspension or withdrawal of a license shall be conducted pursuant to the provisions of the Wyoming Administrative Procedure Act." Therefore, judicial review of the actions of the Board is made pursuant to the Wyoming Administrative Procedure Act. In *Devous v. Board of Medical Examiners*, 845 P.2d 408 (Wyo.1993), we described the scope of appellate review for agency actions conducted pursuant to the Wyoming Administrative Procedure Act. We began by quoting the statutory language of WYO.STAT. § 16–3–114(c) (1990):

> To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory

---

**2.** WYO.STAT. § 33–4–115(a)(v) and (vii) (Supp. 1995) provide:

> (a) The board may take disciplinary actions, singularly or in combination, against a licensee upon a finding of:
> ....
> (v) Affixing, or permitting to be affixed, a seal upon a document which the architect or landscape architect was not responsible for preparing;
> ....
> (vii) Suspension or revocation of licensure by another state; ....

**3.** Chapter XI, Section 1(g) of the Board's rules provides:

> Section 1. *Grounds.* Each of the following acts are grounds for refusal, suspension or revocation of license pursuant to W.S. 33–4–115 and these regulations:
> ....
> (g) Suspension or revocation of licensure by another recognized jurisdiction....

Rules and Regulations of the Wyo. State Bd. of Architects and Landscape Architects, Ch. XI, § 1(g) (June 18, 1992).

provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*Devous*, 845 P.2d at 414.

 An agency's factual finding will be set aside if it is not supported by substantial evidence. *Id.* "This court will defer to a hearing officer's findings of basic fact if there is substantial evidence and will not substitute our judgment for that of an agency." *City of Casper v. Haines,* 886 P.2d 585, 587 (Wyo. 1994). We have defined substantial evidence as:

relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. The entire record is to be examined to determine if there is substantial evidence to support the agency's findings. The reviewing court does not substitute its judgment for that of the agency with respect to findings of fact if they are supported by substantial evidence.

*Devous*, 845 P.2d at 414 (citations omitted).

 The party challenging the sufficiency of the evidence has the burden of demonstrating the agency's decision is not supported by substantial evidence. *Id.* If the

agency action is supported by substantial evidence, its decision should be reversed only for errors of law. *Id.* If the agency did not apply the correct rule of law, or applied it incorrectly, this Court does not defer to the agency's conclusion. *Id.* The agency's errors of law are corrected by this Court. *Id.*

## DISCUSSION

In light of this Court's standard of review for agency decisions, we turn to the Board's December 1, 1994, order. The conclusion of law applicable to this appeal held: "The action by the Kentucky Board amount [sic] to violations of W.S. § 33–4–115(a)(vii) and Board Rules, Chapter XI, Section 1(g)." The Board's order clearly states the reason for its decision. Despite Butts' exhortations to the contrary, the Board's decision was based on its finding of a violation of Wyo.Stat. § 33–4–115(a)(vii), not (v). The copy of the settlement agreement, which suspended Butts' license in Kentucky, provided sufficient evidence that Butts' license was suspended in Kentucky.

 Butts contends the Board is required to substantiate the underlying basis for the suspension of his license in Kentucky before it revoked his license based on a reciprocal statute. This presents an issue of statutory interpretation, which is a question of law. *Parker Land & Cattle Co. v. Wyo. Game and Fish Comm'n,* 845 P.2d 1040, 1042 (Wyo.1993). Statutory language may be either ambiguous or unambiguous. *Id.* at 1043.

A "statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistenc[y] and predictability." "[A] statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." "[W]hether an ambiguity exists in a statute is a matter of law to be determined by the Court."

On numerous occasions the Court has, over its long history, consistently followed *a general rule that if the statutory language is unambiguous, the Court may not resort to application of rules of construction.*

*Id.* (quoting *Allied–Signal, Inc. v. Wyo. State Bd. of Equalization,* 813 P.2d 214, 219–20 (Wyo.1991) (citations omitted)).

██ The statute before us, WYO.STAT. § 33–4–115(a)(vii) (Supp.1995), reads:

(a) The board may take disciplinary actions, singularly or in combination, against a licensee upon a finding of:

. . . .

(vii) Suspension or revocation of licensure by another state; . . . .

The statute providing for reciprocal suspension or revocation of an architect license is not ambiguous. The terms are not vague or subject to different interpretations. If another state revokes or suspends licensure, the board may take disciplinary action. Subsection (b) of WYO.STAT. 33–4–115 (Supp.1995) provides:

(b) Before refusing to issue a license, suspending or revoking a license for any reason set forth in this section the board shall notify the person as required in the Wyoming Administrative Procedure Act. If the applicant or licensee requests a hearing before the board, the board shall hold a hearing in accordance with the Wyoming Administrative Procedure Act.

The Board in this case gave Butts notice of the complaint against him, held a hearing, and found that Butts' license to practice architecture was suspended or revoked in Kentucky. The Board then imposed sanctions pursuant to WYO.STAT. § 33–4–115(b). Nothing in the statute requires the Board to prove the underlying basis for Kentucky's action against Butts.

Butts did not attempt to challenge the authenticity or validity of the settlement agreement during the hearing. He does not argue that he was denied his right to notice and a hearing. However, he contends his right to due process was violated because WYO.STAT. § 33–4–115(a)(v) is vague and ambiguous, both on its face and as applied to him, thereby denying him sufficient notice that his actions may result in suspension of his license in Wyoming. WYO.STAT. § 33–4–115(a)(v) did not form the basis for the Board's sanction against Butts; therefore, his arguments concerning WYO.STAT. § 33–4–115(a)(v) are without merit in this case. Further, due process rights are not violated when the Board considers a sister state's revocation or suspension of an architect's license as long as the Board meets requirements of notice and a hearing. *See Johnston v. State Bd. of Medical Education and Licensure,* 49 Pa.Cmwlth. 9, 410 A.2d 103, 105 (1980); *Shoenhair v. Bureau of Professional and Occupational Affairs,* 74 Pa.Cmwlth. 217, 459 A.2d 877, 879 (1983); *Marek v. Bd. of Podiatric Medicine,* 16 Cal.App. 4th 1089, 20 Cal.Rptr.2d 474, 478–79 (1993).

Butts also contends the discipline invoked by the Board was too harsh. Butts was allowed to present mitigating testimony to the Board in the hearing, before the Board issued its order. The legislature has vested the Board with the responsibility of taking disciplinary action against those who violate WYO.STAT. § 33–4–115. Absent a showing that the Board's actions violated WYO.STAT. § 16–3–114(c), this Court will defer to the findings and expertise of the Board in determining appropriate disciplinary action. The actions of the Board are presumed to be correct and Butts did not overcome this presumption. *Devous,* 845 P.2d at 416 (citing *Fallon v. Wyoming State Bd. of Medical Examiners,* 441 P.2d 322 (Wyo.1968). .

## CONCLUSION

The Wyoming State Board of Architects and Landscape Architects acted within its authority when it suspended Butts' architect license based on a suspension or revocation in another state.

Affirmed.