2002 WY 70

In the Matter of the Appeal of the TOWN OF THERMOPOLIS FROM A DECISION OF THE STATE BOARD OF EQUALIZATION—2000 PROPERTY VALUATION (TOWN OF THERMOPOLIS, PARCEL 2486–OLD WEST WAX MUSEUM).

Town of Thermopolis, Appellant (Petitioner),

v.

Shelley Deromedi, Hot Springs County Assessor, Appellee (Respondent).

No. 01–194.

Supreme Court of Wyoming.

May 7, 2002.

Michael S. Messenger of Messenger & Jurovich, P.C., Thermopolis, Wyoming, Representing Appellant.

Dan O. Caldwell III, Hot Springs County and Prosecuting Attorney, Thermopolis, Wyoming, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, JJ., and SPANGLER, D.J., Retired.

GOLDEN, Justice.

[¶ 1] In a companion decision, we held that by establishing a public museum to house donated western wax figures and provide other scientific, educational, and cultural activities and displays, Appellant Town of Thermopolis (Town) had acted with a governmental purpose that entitled it to its requested exemption from property tax for the tax year 1999. In this appeal, Appellee Hot Springs County Assessor (Assessor) denied the same tax exemption for the tax year 2000. The Hot Springs County Board of Equalization (CBOE) reversed the Assessor's decision; the CBOE was reversed by the Wyoming State Board of Equalization (SBOE), and the district court certified the appeal to this Court.

[¶ 2] For the tax year 1999, although the museum was not yet operating, we found that the evidence did support the CBOE's findings and conclusions, and we upheld its decision to grant the Town its requested tax exemption. When the CBOE considered this issue in 2000, the museum was operating, and it found that strong evidence supported a decision to grant the Town its tax exemption. We agree that the record of evidence strongly supports the CBOE's decision, and for the same reasons stated in our decision for the 1999 tax year, we reverse and reinstate the CBOE decision granting the property tax exemption for the year 2000. *Deromedi v. Town of Thermopolis,* 2002 WY 69, 45 P.3d 1150.

### ISSUES

[¶ 3] The Town presents the following issue for our review:

Was the decision of the Hot Springs County Board of Equalization that real property assessed to the Town of Thermopolis by the Hot Springs County Assessor is used primarily for a governmental purpose and is therefore exempt from property taxation pursuant to Wyo. Const. Art. 15, § 12 and Wyo. Stat. Ann. § 39–11–105(a)(v) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, or unsupported by substantial evidence?

The Assessor states that the issues are:

Whether the Hot Springs County Board of Equalization's August 1, 2000 Findings of Fact, Conclusions of Law and Order were arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, or unsupported by substantial evidence; and

Whether the Wax Museum which is the subject of this appeal is used primarily for a governmental purpose?

### FACTS

[¶ 4] In 1997, the Town received donated western wax museum figures. It sought and received a community development grant that it used to purchase property to house the figures and establish a museum with several different kinds of displays, objects, and activities. The Assessor denied the Town's tax exemption requests in both 1999 and 2000, and the Town objected, contending that the museum was used primarily for a governmental purpose. The Town received a contested case hearing before the CBOE in each of those years. For the year 2000, the Town also challenged the Assessor's valuation method. However, the CBOE upheld it, and the Town does not challenge that ruling in this appeal.

[¶ 5] In 1999, when the CBOE first considered the nature of the museum's purpose, the museum was still establishing itself but was to be operated in part by the for-profit corporation, Big Horn Prospecting, Inc (BHP). When the matter came before the CBOE in 2000, the museum was operating and found to hold the historical wax museum, the "old Mac's Bar," numerous artifacts, maps, etchings, interpretative materials, a historical teddy bear collection and other educational displays. The museum also contained a textile studio for displays, spinning, weaving, a studio and a gallery for art and handcrafts, and accommodations for public and private meetings.

[¶ 6] The CBOE found that the primary purpose of the museum was to provide edu-

cational and recreational benefit to the citizenry and to economically benefit the local economy in general, although its purpose also included enhancing sales tax revenues, and promoting tourism. BHP charged admission fees, but use of the gallery for public meetings was provided at no charge. Operating rights were granted to BHP in exchange for $1,000.00 per year rent. Additionally, the Town subsidized the museum in the amount of $1,200.00 annually for providing water, sewer and sanitation services. The Town was also obligated to assume some financial obligations until BHP showed positive cashflow. At the time of the hearing, BHP had lost $129,992.02, but was expected to eventually break even. The Big Horn Basin Foundation, a non-profit organization, operated some of the facilities and programs.

[¶ 7] For its first legal conclusion, the CBOE applied a Department of Revenue rule [1] that states in part that if a service is rendered gratuitously, supported by taxes, and rendered for the public welfare or enjoyment generally, the property associated with providing such service is exempt. Based on the museum's present financial condition, the CBOE concluded that the Town is gratuitously providing the public with museum services and benefits and not for a commercial purpose.

[¶ 8] Secondly, the CBOE examined subsection (v) of the Department of Revenue rule which states: "where a city enters the field of private competitive business for profit or into activities which may be and frequently are carried on through private enterprises," the property would not be exempt. The CBOE found that, generally, public museums serve a governmental purpose, and concluded that, because the museums were different in nature and purpose, this museum did not compete with the Dinosaur Center, BHP's privately owned and operated museum.

---

1. Below is the applicable law:
 Department of Revenue, Ad Valorem Tax Exemption Standards, Ch. 4, § 4 (filed February 11, 1999):
 Section 4. Publicly owned property—W.S. 39–11–105(a)(i)(vi).
 (a) Publicly owned property is not, per se, exempt from taxation. The property is exempt only "when used primarily for a governmental purpose."
 (b) The phrase "governmental purpose" cannot be precisely defined. The following considerations should be evaluated:
 (i) If a service or function is obligatory (one the governmental entity must perform as a legal duty imposed by statute), the function is governmental and the associated property is exempt.
 (ii) If a service is rendered gratuitously, supported by taxes, and for the public welfare or enjoyment generally, the property associated with providing such service is exempt.
 (iii) W.S. 39–11–105(a)(v) specifically identifies certain municipal property which is exempt (used primarily for a governmental purpose).
 (iv) W.S. 39–11–105(a)(i)(A)(E) and (ii)(A)-(D) identify specific uses of federal and state property which *are not* exempt (not used for governmental purposes).
 (v) Property owned by a governmental entity acting in its proprietary capacity is not exempt, (e.g. where a city enters the field of private competitive business for profit or into activities which may be and frequently are carried on through private enterprises).
 Wyo. Const. Art. 15, § 12 states: "The property of the United States, the state, counties, cities, towns, school districts and municipal corporations, when used primarily for a governmental purpose, and public libraries, lots with the buildings thereon used exclusively for religious worship, church parsonages, church schools and public cemeteries, shall be exempt from taxation, and such other property as the legislature may by general law provide."
 Wyo. Stat. Ann. § 39–11–105 (LexisNexis 2001) governs exemptions and provides:
 (a) The following property is exempt from property taxation:
 * * * *
 (v) Property of Wyoming cities and towns owned and used primarily for a governmental purpose including:
 (A) Streets and alleys and property used for the construction, reconstruction, maintenance and repair of streets and alleys;
 (B) Property used to furnish sewer and water services;
 (C) City or town halls, police stations and equipment, traffic control equipment, garbage collection and disposal equipment and lands and buildings used to service and repair the halls, stations or equipment;
 (D) Parks, airports, auditoriums, cemeteries, golf courses, playgrounds and recreational facilities. Any charges for the use of the facilities shall not exceed the cost of operation and maintenance to qualify for the exemption;
 (E) Personal property used exclusively for the care, preservation and administration of city or town property;
 (F) Parking lots operated on a nonprofit basis.

[¶ 9] For its third legal conclusion, the CBOE determined that the museum was a recreational facility, and the gallery an auditorium, within the meanings intended in Wyo. Stat. Ann. § 39–11–105(a)(v)(D)[2] for which charges had not exceeded the cost of operating and maintaining it, and this entitled the Town to the exemption. Based on these three conclusions, the CBOE determined that the Town should be granted the exemption.

[¶ 10] The Assessor appealed the decision to the SBOE which reversed after again concluding, as it had in its earlier decision, that the primary purpose was economic development which is not a governmental function. It found that the museum's current unprofitability was irrelevant because the Town intended that the museum be profitable, and it rejected the conclusion that the Town's museum was not a competitor with the dinosaur museum. The Town filed a petition for review, and the district court certified the appeal to this Court pursuant to W.R.A.P. 12.09(b).

### STANDARD OF REVIEW

[¶ 11] As stated in our first decision, our standard of review for cases arising from a county board contested case proceeding, appealed to a state agency, and finally arriving in this Court on appeal is as follows:

Since in this case the county board was the finder of the fact and the state board heard no additional testimony, we will treat the state board as an intermediate level of review and accord deference only to the county board's findings of fact. Thus, the primary focus of our review will be whether the county board's decision was lawful and supported by substantial evidence.

*Laramie County Bd. of Equalization v. Wyo. State Bd. of Equalization*, 915 P.2d 1184, 1188 (Wyo.1996) (quoting *Union Pacific Railroad Co. v. Wyo. State Bd. of Equalization*, 802 P.2d 856, 859 (Wyo.1990)).

2. (D) Parks, airports, auditoriums, cemeteries, golf courses, playgrounds and recreational facilities. Any charges for the use of the facilities

The party challenging the sufficiency of the evidence has the burden of demonstrating the agency's decision is not supported by substantial evidence. If the agency action is supported by substantial evidence, its decision should be reversed only for errors of law. If the agency did not apply the correct rule of law, or applied it incorrectly, .this Court does not defer to the agency's conclusion. The agency's errors of law are corrected by this Court.

*Id.* (quoting *Butts v. Wyo. State Bd. of Architects*, 911 P.2d 1062, 1065 (Wyo.1996)).

[¶ 12] The scope of appellate review of agency decisions is provided by statute:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

shall not exceed the cost of operation and maintenance to qualify for the exemption.

Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2001).

We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. It is more than a scintilla of evidence.

*Laramie Cty. Bd. of Equalization,* 915 P.2d at 1188.

## DISCUSSION

 [¶ 13] Although under Title 39, taxation of property is generally the rule, the exemptions provided for by § 39–11–105(a)(v) require that we apply the rule that where the established policy of the State is to exempt publicly owned property, the burden is placed on the taxing authority to establish taxability. *Deromedi,* at ¶ 10, 45 P.3d at 1153 (citing *City of Cheyenne v. Bd. of Cty. Comm'rs of the Cty. of Laramie,* 484 P.2d 706, 708–09 (Wyo.1971)). The mere ownership of property by a town does not exempt the property; it must also be used primarily for governmental purposes. *Id.* When a town uses the property in a proprietary manner, the property is not exempt from taxation. *Town of Pine Bluffs v. State Board of Equalization,* 79 Wyo. 262, 288, 333 P.2d 700, 710 (Wyo.1958). The taxable status of property owned by a governmental entity must be determined as a question of fact by the use made of the property. *City of Cheyenne v. Sims,* 521 P.2d 1347, 1349 (Wyo.1974).

[¶ 14] We have recognized that the term "used primarily for a governmental purpose" is difficult to define but have found that it applied to buildings leased to profit-making corporations although located upon a municipally owned and operated airport. *City of Cheyenne v. Bd. of Cty. Comm'rs of the Cty. of Laramie,* 484 P.2d at 709. There, we said that the mere fact that the city accomplishes such use through a lessee or receives rent in return for such use is not controlling. *Id.* We later decided that "[w]here the primary

and principal use to which property is put is public, the mere fact that income is incidentally derived from it does not affect its character as property devoted to a public use, so as to prevent its being exempt from taxation." *State Bd. of Equalization v. City of Lander,* 882 P.2d 844, 850 (Wyo.1994).

 [¶ 15] In our first decision, we held that the CBOE's finding that the museum would be used by the Town primarily for the governmental purpose of providing scientific, educational, and cultural activities in a museum was supported by substantial evidence, and decided that it properly concluded that the Town was entitled to the statutory tax exemption. *Deromedi,* ¶ 13, 45 P.3d at 1154. We held that any fees charged or profits generated by its lessee do not alter the Town's tax exempt status. *Id.* at ¶ 15, 45 P.3d at 1155. Despite the Assessor's challenges to the CBOE's findings and conclusions in this case, our review shows that the CBOE's findings were again supported by substantial evidence and its conclusions proper. Its decision to grant the Town's tax exemption was again correct and will be upheld.

[¶ 16] This latest appeal raises questions whether this museum is a "recreational facility" or the gallery an "auditorium" within the meaning of the statute's language. The CBOE also queried whether the statute limits the lessees to charging only an amount equal to the cost of operations and maintenance. Because the property is owned by the Town and it has been proved that it will be used primarily for a governmental purpose, we need not consider these questions although we believe our previous decisions distinguished between profit-making ventures and charging for the cost of the operation and maintenance of the facilities. *See City of Cheyenne v. Bd. of Cty. Comm'rs of the Cty. of Laramie,* 484 P.2d 706, 708–09 (Wyo.1971).

[¶ 17] The SBOE's decision is reversed, and the CBOE's decision granting the exemption is reinstated.