2010 WY 106

**Eileen OAKLEY, Fremont County Assessor, Appellant (Respondent),**

v.

**FREMONT COUNTY COMMUNITY COLLEGE DISTRICT d/b/a Central Wyoming College, Appellee (Petitioner).**

No. S–09–0261.

Supreme Court of Wyoming.

July 30, 2010.

Representing Appellant: Jodi A. Darrough, Fremont County Attorney's Office, Lander, Wyoming.

Representing Appellee: Frank B. Watkins of Frank B. Watkins, P.C., Riverton, Wyoming.

Before KITE, C.J., and GOLDEN, VOIGT *, and BURKE, JJ, and BROOKS, D.J.

BROOKS, District Judge.

[¶ 1]   The Fremont County Assessor (the Assessor) appeals from a decision of the district court exempting from taxation certain property in Riverton owned by Central Wyoming College (CWC).   We reverse because the district court's holding was not in accordance with Article 15, § 12 of the Wyoming Constitution.

## ISSUE

[¶ 2]   The parties agree that the sole issue on appeal is whether certain lots within

* Chief Justice at time of oral argument.

CWC's business park are exempt from taxation based on their current use.

## FACTUAL BACKGROUND

[¶ 3] CWC is a public, non-profit, fully accredited, two-year community college that was established in 1966. CWC is primarily funded by state and local taxes, scholarship funds, tuition, and fees. CWC established a business park in 1967 to generate revenue from the leasing of land owned by the college. The CWC Foundation manages the business park property pursuant to a long-term management lease with CWC. Community college foundations are recognized by statute for the purpose of raising additional revenues for the college. Wyo. Stat. Ann. § 21–16–1102(a)(iii) (LexisNexis 2009).

[¶ 4] CWC currently owns 333 acres; 193 acres are contiguous in Riverton and include 50 acres comprising the business park. Twenty-five acres of the business park are divided into lots, and have been developed and leased by CWC to 10 for-profit tenants. These 25 acres and lots are the subject of this appeal.

[¶ 5] The lots in question are leased to a daycare facility, a law office, a doctor's office, an investment company, a development company, and other private businesses that are independent from and unrelated to CWC. The business park tenants are, in theory, selected to enhance the educational purpose of the college and may provide internships. The record does not indicate, however, that any of the businesses actually hire, train, or have any significant contact with students, staff, or faculty of CWC. Neither the Assessor nor CWC contend otherwise. The revenues derived by the business park are collected and managed by the CWC Foundation. The Foundation receives a fee and the residual income is used for CWC student scholarships, programs, and activities.

[¶ 6] The Assessor issued a 2007 Notice of Tax Assessment for the business park property leased to the for-profit tenants. The Assessor concluded that because the subject property was being leased for commercial profit, it was subject to taxation.

CWC protested the tax assessment and a hearing was held before the Fremont County Board of Equalization. That board affirmed the decision of the Assessor. It specifically found:

4. All lots involved in this protest are leased and all Lessees are private individuals or business entities and thus, the primary use of the lots in question are used for a commercial purpose.

5. All these Lessees are in a commercial venture in that, as the Assessor['s] uncontroverted testimony indicates each exists to obtain profit, that each sells a product or service, that none are exempt under the Internal Revenue Service tax code . . . .

[¶ 7] CWC appealed the matter to the State Board of Equalization. The State Board heard the matter and affirmed the decision of the County Board. CWC next filed a Petition for Review in the Ninth Judicial District Court. The district court reversed the decision of the State Board of Equalization. The court found that the business park was reasonably necessary to the efficient operation and maintenance of CWC. The district court noted that the original plan for the business park was to help provide for the technical and vocational education of its students. The court also emphasized that taxing CWC would result in the useless endeavor of having one government entity taxing another.

## STANDARD OF REVIEW

[¶ 8] Administrative action is reviewed pursuant to Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2009), which provides in pertinent part:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

....

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

....

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

...; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

[¶ 9] The Supreme Court reviews both the agency's findings of fact and conclusions of law. "[C]onsiderable deference is accorded to the findings of fact of the agency, and this Court does not disturb them unless they are contrary to the overwhelming weight of evidence." *Amoco Prod. Co. v. Wyo. State Bd. of Equalization,* 12 P.3d 668, 671 (Wyo.2000). "An agency's conclusions of law can be affirmed only if they are in accord with the law. Our function is to correct any error that an agency makes in its interpretation or application of the law." *EOG Res., Inc. v. Wyo. Dep't of Revenue,* 2004 WY 35, ¶ 12, 86 P.3d 1280, 1284 (Wyo.2004) (citation omitted).

[¶ 10] No deference is afforded the appellate review conducted by the State Board or by the district court. *Laramie County Bd. of Equalization v. Wyo. State Bd. of Equalization,* 915 P.2d 1184, 1188 (Wyo.1996). An independent inquiry into the matter is conducted, just as if it had proceeded directly to the Supreme Court from the agency. *Wyo. Dep't of Revenue v. Guthrie,* 2005 WY 79, ¶ 11, 115 P.3d 1086, 1091 (Wyo. 2005).

## DISCUSSION

[¶ 11] The Wyoming Constitution at Article 15, § 12 provides:

The property of the United States, the state, counties, cities, towns, school districts and municipal corporations, *when used primarily for a governmental purpose,* and public libraries, lots with the buildings thereon used exclusively for religious worship, church parsonages, church schools and public cemeteries, *shall be exempt from taxation,* and such other property as the legislature may by general law provide.

(Emphasis supplied.) Similarly, Wyo. Stat. Ann. § 39–11–105(a)(i–v) (LexisNexis 2009) provides that property owned and used by a state, county, school district, city, or town that is used primarily for a governmental purpose is exempt from taxation.

[¶ 12] The parties agree that the CWC property is tax exempt if used primarily for a governmental purpose. CWC asserts that the business park property at issue was intended to enhance the educational purpose of the college. Furthermore, CWC points out that the leased property generates revenue that is used for the college's support and maintenance. The Assessor contends to the contrary that the lessee's use of the property is clearly non-governmental and therefore is taxable.

[¶ 13] In 1956, Article 15, § 12 of the Wyoming Constitution was amended to provide an exemption for governmental property only when used "primarily for a governmental purpose." Prior to that time the Constitution provided that all property of the state, counties, cities, towns, and school districts was exempt from taxation. Thus, the amendment to Article 15, § 12 shifted the exempt status from property ownership to property use. *See Town of Pine Bluffs v. State Bd. of Equalization,* 79 Wyo. 262, 333 P.2d 700, 703–04 (Wyo.1958).

[¶ 14] This Court has, on several occasions, acknowledged that property use is the critical issue in determining tax-exempt status. In *City of Cheyenne v. Sims,* 521 P.2d 1347, 1348–49 (Wyo.1974), we held that exemption from taxation is a factual issue which is determined by the use of the property. Similarly, in *Deromedi v. Town of Thermopolis (In re Deromedi ),* 2002 WY 69, ¶ 10, 45 P.3d 1150, 1154 (Wyo.2002), this Court stated that the mere ownership of property by a governmental entity does not

exempt the property. The property must be used primarily for a governmental purpose.

[¶ 15] In *City of Cheyenne v. Bd. of County Comm'rs of Laramie County*, 484 P.2d 706 (Wyo.1971), we dealt with whether certain buildings located on the grounds of the municipal airport were subject to taxation. The buildings were leased to for-profit private persons or entities. Three of the buildings were used as fixed-based operations for the repair, equipping, fueling, and storage of aircraft for the general public. We concluded that such fixed-based operations were a necessary adjunct to the airport, and, therefore, the buildings were tax exempt. One of the other buildings was leased to a Cheyenne ambulance service and still another to a company that principally did airplane repairs and other services for the United States Government. This Court affirmed the district court's finding that these last two buildings were not primarily for a government purpose and were subject to taxation. We ultimately found that "[t]he test ... is whether or not those buildings were *primarily used ... as reasonably necessary or essential facilities to the efficient operation and maintenance* of the airport." *Id.* at 709 (emphasis supplied). It is important to note, however, that the mere renting of the governmental property to a private entity engaged in a profit-making venture does not necessarily render that property taxable. A governmental entity can accomplish a governmental purpose through a private lessee. *Id.* We have also held that once a property is being used primarily for a governmental purpose, the fact that the property is being used for other purposes does not destroy its tax-exempt status. *State Bd. of Equalization v. City of Lander*, 882 P.2d 844, 850 (Wyo.1994).

[¶ 16] We turn then to the case now before us. The property at issue is part of a business park. The tenants that have leased property are all private, for-profit businesses. These businesses are lessees only and are not managed by, controlled by, or affiliated with CWC. We have nothing before us to indicate that CWC students or staff have any significant involvement in these business enterprises. Certainly, the lessees do not ap-

pear to be reasonably necessary or essential to the operation of CWC. Even if there is some tangential use of the property by CWC faculty, staff, or students of which we are unaware, it has not been demonstrated that such use is primarily governmental.

[¶ 17] CWC's stated intentions for the property, coupled with rental payments, are not sufficient to comply with the Wyoming Constitution's mandate that the property be used primarily for a governmental purpose. Here the use of the property is primarily, if not exclusively, for private non-governmental purposes. As such, the business park property at issue is taxable.

[¶ 18] The district court correctly pointed out that we want to avoid a tax spiral where the government is taxing itself to pay itself. That certainly would be true if the property were being used primarily for a governmental purpose. In this case, however, the for-profit tenants will likely have the tax assessment passed on to them. This will avoid the tax spiral and result in the tenants being placed on equal footing with the competitor businesses who don't lease from government entities.

## CONCLUSION

[¶ 19] The for-profit tenants' use of CWC's business park property is clearly non-governmental and not necessary or essential to facilitate the efficient operation and maintenance of the college. Therefore the property is not tax exempt pursuant to Article 15, § 12 of the Wyoming Constitution. The decisions of the Fremont County Assessor and Board of Equalization are affirmed and the district court is reversed.