# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 22

### OCTOBER TERM, A.D. 2019

### *February 19, 2020*

TRUDY L. EISELE, Laramie County
Treasurer and KENNETH GUILLE,
Laramie County Assessor,

Appellants
(Respondents),

v.                                                              S-19-0037

THE TOWN OF PINE BLUFFS,

Appellee
(Petitioner).

*Appeal from the District Court of Laramie County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellants:*
> Mark T. Voss, Laramie County Attorney, Cheyenne, Wyoming.

*Representing Appellee:*
> Alexander Davison and Caleb C. Wilkins of Patton and Davison, LLC, Cheyenne, Wyoming. Argument by Mr. Wilkins.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, **Chief Justice.**

[¶1]    The Town of Pine Bluffs owns and operates a daycare facility. Laramie County assessed property taxes on the facility based upon its conclusion that it was not used primarily for a governmental purpose.  Pine Bluffs appealed, following the administrative process to its end.  The County Board of Equalization ruled against the Town, and the State Board of Equalization affirmed that decision.  The district court ruled in favor of the Town. We reverse the district court's decision and reinstate the order of the County Board.

## ISSUES

[¶2]   The County Treasurer and County Assessor, Appellants, present this issue:

> Was the Laramie County Board of Equalization's affirmance
> of the Laramie County Assessor's denial of a request for
> exemption from taxation, for a daycare facility operated by the
> Town of Pine Bluffs, in accordance with law, not arbitrary,
> capricious, [or] an abuse of discretion, and supported by
> substantial evidence in the record?

## FACTS

[¶3]    The facts in this case are largely undisputed.  Pine Bluffs began offering daycare services in the 1970s to address a public need for childcare.  At the time, there were no daycare services in Pine Bluffs.  The facility was operated initially in part of the community center, but in 2009 it was moved to a separate building.  As approved in a special election, Pine Bluffs used optional sales tax revenue to purchase and renovate the new facility.

[¶4]    Over the years, private daycare providers in Pine Bluffs have come and gone.  When a private daycare facility opened in 2015, the Town considered closing its operation. However, the governing body determined that there was still a need to provide daycare options.  As the Mayor of Pine Bluffs testified at the hearing before the County Board;

> [T]hese private [daycare facilities] in our small town have just
> come and gone too often to take the chance on doing away with
> what we felt was a sure opportunity [to provide] service to the
> community.

[¶5]    For a variety of reasons, Pine Bluffs has a particular need for daycare options that has not been met by the private sector in terms of quality, types, and stability of services. Daycare services became even more important when local schools changed to a four-day school week.  In addition, the Pine Bluffs facility offers a preschool program that teaches

social skills, ABCs, numbers, and colors. Children in the daycare center are also given lessons in Spanish and sign language.

[¶6]    Pine Bluffs has never intended to earn a profit from its daycare services. The center has always operated at a fiscal loss. The Town is willing to incur these losses to offer safe and stable daycare to the public.

[¶7]    In 2015, the Town filed a complaint against the County Treasurer and County Assessor, seeking to enjoin them from assessing and collecting property taxes on the daycare facility. *Town of Pine Bluffs v. Eisele*, 2017 WY 117, ¶ 1, 403 P.3d 126, 127 (Wyo. 2017). We ruled that the district court had correctly dismissed the complaint because, under the circumstances presented, the Town's remedy was available only through the administrative process. *Id.* ¶ 27, 403 P.3d at 132. In other words, the Town must appeal the assessment of its daycare facility to the County Board of Equalization, and "appeal from an unfavorable decision there to the state board of equalization . . . and from there to petition the district court for review, and ultimately to appeal to this Court." *Id.* ¶ 5, 403 P.3d at 128.

[¶8]    In 2016, the Town did just that. It filed requests for exemption, which the County Assessor denied. Pine Bluffs appealed to the County Board, which held a hearing on the matter, and issued a decision affirming the County Assessor's denial. The Town appealed to the State Board, which affirmed the County Board's decision. Continuing on with the required administrative process, the Town appealed to the district court, which ruled in favor of Pine Bluffs and reversed the decision of the State Board. The County Assessor and County Treasurer took the final step in the process, and appealed to this Court.

## STANDARD OF REVIEW

[¶9]    Our review of this agency action is governed by the Wyoming Administrative Procedure Act. Section 16-3-114(c) (LexisNexis 2019) provides in relevant part:

> (c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
>        . . . .

2

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law [or]

. . . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

We have long recognized that substantial evidence "is more than a mere scintilla" of evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support [an agency's] conclusion." *Howard v. Lindmier*, 67 Wyo. 78, 87, 214 P.2d 737, 740 (1950). It is also well established that "[q]uestions of law are reviewed *de novo*, and '[c]onclusions of law made by an administrative agency are affirmed only if they are in accord with the law.'" *Maverick Motorsports Grp., LLC v. Dep't of Revenue*, 2011 WY 76, ¶ 12, 253 P.3d 125, 128 (Wyo. 2011) (quoting *Bowen v. State, Dep't of Transp.*, 2011 WY 1, ¶ 7, 245 P.3d 827, 829 (Wyo. 2011) (quoting *State ex rel. Workers' Safety & Comp. Div. v. Garl*, 2001 WY 59, ¶ 9, 26 P.3d 1029, 1032 (Wyo. 2001))).

[¶10]   Significantly, in this case our review is focused on the decision of the County Board. We do not defer to the decision of the State Board or to that of the district court. *Britt v. Fremont County Assessor*, 2006 WY 10, ¶ 17, 126 P.3d 117, 123 (Wyo. 2006); *Laramie County Bd. of Equalization v. Wyoming State Bd. of Equalization*, 915 P.2d 1184, 1188 (Wyo. 1996). As we have explained:

Since in this case the county board was the finder of the fact and the state board heard no additional testimony, we will treat the state board as an intermediate level of review and accord deference only to the county board's findings of fact. Thus, the primary focus of our review will be whether the county board's decision was lawful and supported by substantial evidence.

*Union Pac. R.R. v. Wyo. State Bd. of Equalization*, 802 P.2d 856, 859 (Wyo. 1990).

[¶11]   Pine Bluffs contends that the decision on whether its property is "used primarily for a governmental purpose" is a finding of ultimate fact, and therefore subject to de novo review. The district court agreed, relying on *Mountain Vista Retirement Residence v. Fremont County Assessor*, 2015 WY 117, ¶ 4, 356 P.3d 269, 272 (Wyo. 2015).

3

[¶12] Pine Bluffs is correct that the key question in this case is whether the town's daycare facility is "used primarily for a governmental purpose." However, Pine Bluffs and the district court overemphasize the importance of how the County Board's answer to that question is characterized.[1] Whether we treat the County Board's answer to that question as a finding of ultimate fact or as a conclusion of law, we review its decision de novo, while we review the findings of fact underlying that decision to see if they are supported by substantial evidence. We have applied this standard of review in a number of similar cases. *E.g.*, *Oakley v. Fremont County Cmty. Coll. Dist.*, 2010 WY 106, ¶¶ 8-9, 236 P.3d 1004, 1006-07 (Wyo. 2010); *Deromedi v. Town of Thermopolis (In re Deromedi)*, 2002 WY 69, ¶¶ 8-9, 45 P.3d 1150, 1153 (Wyo. 2002); *Town of Thermopolis v. Deromedi (In re Town of Thermopolis)*, 2002 WY 70, ¶¶ 11-12, 45 P.3d 1155, 1159-60 (Wyo. 2002).

## *DISCUSSION*

[¶13] Article 15, Section 12 of the Wyoming Constitution provides:

> The property of the United States, the state, counties, cities, towns, school districts and municipal corporations, when used primarily for a governmental purpose, and public libraries, lots with the buildings thereon used exclusively for religious worship, church parsonages, church schools and public cemeteries, shall be exempt from taxation, and such other property as the legislature may by general law provide.

Wyo. Const. art. 15, § 12. Implementing this constitutional provision is Wyo. Stat. Ann. § 39-11-105 (LexisNexis 2019), which states in pertinent part:

> (a)    The following property is exempt from property taxation:
>
> . . . .
>
> (v)    Property of Wyoming cities and towns owned and used primarily for a governmental purpose including:
>
>> (A)    Streets and alleys and property used for the construction, reconstruction, maintenance and repair of streets and alleys;

---

[1] It would have been helpful on review had the County Board made a better effort to set forth its findings of basic fact, and then differentiate those findings from its ultimate findings and conclusions of law. Moreover, conclusions of law should carefully reflect applicable regulatory, statutory, and constitutional language, and pertinent language derived from cases that have interpreted the same.

(B)     Property used to furnish sewer and water services;

(C)     City or town halls, police stations and equipment, traffic control equipment, garbage collection and disposal equipment and lands and buildings used to service and repair the halls, stations or equipment;

(D)     Parks, airports, auditoriums, cemeteries, golf courses, playgrounds and recreational facilities. Any charges for the use of the facilities shall not exceed the cost of operation and maintenance to qualify for the exemption;

(E)     Personal property used exclusively for the care, preservation and administration of city or town property;

(F)     Parking lots operated on a nonprofit basis.

[¶14]   Child care facilities are not listed in this statutory provision. However, this list is meant to be illustrative, not exclusive. *Deromedi*, ¶ 13, 45 P.3d at 1154 ("By the statutory use of the term 'including' the legislature intends to include other purposes even though not specifically enumerated."). Any municipal property that is "used primarily for a governmental purpose" is exempt from property taxation. Indeed, the initial presumption is that municipal property is exempt.

Although under Title 39, taxation of property is generally the rule, the exemptions provided for by § 39-11-105(a)(v) require that we apply the rule that where the established policy of the state is to exempt publicly owned property, the burden is placed on the taxing authority to establish taxability. *City of Cheyenne v. Bd. of County Comm'rs of the County of Laramie*, 484 P.2d 706, 708-09 (Wyo. 1971). The mere ownership of property by a town does not exempt the property; it must also be used primarily for governmental purposes. *Id.* at 709. When a town uses the property in a proprietary manner, the property is not exempt from taxation. *Town of Pine Bluffs v. State Board of Equalization*, 79 Wyo. 262, 288, 333 P.2d 700, 710 (Wyo. 1958). The taxable status of property owned by a governmental

entity must be determined as a question of fact by the use made of the property. *City of Cheyenne v. Sims*, 521 P.2d 1347, 1349 (Wyo. 1974).

*Deromedi*, ¶ 10, 45 P.3d at 1153-54.

[¶15] We have recognized that "[t]he term 'governmental purpose' is not readily amenable to precise definition and such determination is largely dependent upon the circumstances presented in each case." *City of Cheyenne v. Board of County Comm'rs*, 484 P.2d 706, 708 (Wyo. 1971). For guidance in its decision, the County Board relied on a rule promulgated by the Wyoming Department of Revenue, which states in relevant part:

> (a)    Publicly owned property is not, per se, exempt from taxation. The property is exempt only "when used primarily for a governmental purpose."
>
> (b)    The phrase "governmental purpose" cannot be precisely defined. The following considerations should be evaluated:
>
>> (i)    If a service or function is obligatory (one the governmental entity must perform as a legal duty imposed by statute), the function is governmental and the associated property is exempt.
>>
>> (ii)    If a service is rendered gratuitously, supported by taxes, and for the public welfare or enjoyment generally, the property associated with providing such service is exempt.
>>
>> (iii)    Property owned by a governmental entity acting in its proprietary capacity is not exempt, (e.g. where a city enters the field of private competitive business for profit or into activities which may be and frequently are carried on through private enterprises).
>>
>> (iv)    Governmental property subject to the payment of service (user) fees is not exempt unless the specific use is provided by statute (e.g. public sewer and water services).

Wyo. Dep't of Revenue Rules, Ch. 14, § 5 (2015).

[¶16]   The County Board, in its Findings of Fact, Conclusions of Law and Order, made findings of fact that correlate with this regulation, this one in particular:

> The Assessor appropriately assessed the factors [listed in this regulation] and found a daycare is not an obligatory function – one that Pine Bluffs or any municipality has a legal duty to perform.   Second, the Pine Bluffs' daycare center is not a service that is provided gratuitously – Pine Bluffs charges a fee for daycare services; (iii) the daycare center is a proprietary function – or a service that is frequently carried on through private enterprises; and (iv) the daycare service is provided for a service fee *and* is not one that is specifically exempt by Wyo. Stat. § 39-11-105(v).

We examine the record to determine whether these findings of fact are supported by substantial evidence.

[¶17]   During the County Board's hearing, the County Assessor testified that there was a statutory list of governmental facilities in Wyo. Stat. Ann. § 39-11-105 that are tax exempt. He noted that the list includes "parks, airports, auditoriums, cemetery, golf courses, playgrounds and recreational facilities," but contains no mention of daycare centers.  He testified that he was not aware of any other governmental entity in Laramie County that operated a daycare center.  He testified that, to his knowledge, there is no statutory mandate for municipalities to provide daycare services.  The Treasurer of the Town of Pine Bluffs agreed that she was unaware of any state statute requiring municipalities to operate daycare centers.  Whether this testimony is considered factual or whether these are legal assertions, it serves as substantial evidence that daycare is not an obligatory municipal function.

[¶18]   The County Assessor testified that the Pine Bluffs daycare facility charged fees.  He referred to an exhibit that included "clippings from the [Pine Bluffs] newspaper . . . when it started as a daycare, opened as a daycare, and that they were charging fees."  The Pine Bluffs Treasurer provided more updated information, indicating that the daycare facility had recently increased the fees it charged.  The record contains substantial evidence to support a finding that the daycare facility charges for its services, or in other words, that the service is not rendered gratuitously.

[¶19]   The County Assessor testified that daycare was a service typically offered by private entities.  We have said that when a municipality "enters a zone of private business, or into activities which may be and frequently are carried on through private enterprises, that its activities become proprietary." *Town of Pine Bluffs v. State Board of Equalization*, 79 Wyo. 262, 292, 333 P.2d 700, 711 (1958) (citation omitted).  The Town Treasurer testified that there was a privately-operated daycare facility in Pine Bluffs, and that private daycare centers had operated in Pine Bluffs "on and off throughout the years."  The Mayor of Pine

7

Bluffs acknowledged that offering the same service as a private entity was a form of competition with that private entity. Together, these witnesses provided substantial evidence to support a finding that the daycare center operates in a proprietary capacity.

[¶20] The County Assessor testified, as discussed previously, that the Pine Bluffs daycare facility charged a fee. This was confirmed by the Pine Bluffs Treasurer. The Assessor and the Treasurer also testified that they knew of no statute providing for a municipal daycare facility. This provides substantial evidence to support a finding that the daycare facility was governmental property subject to the payment of fees and not specifically exempted by statute.

[¶21] Based on these factual findings, the County Board concluded that the Pine Bluffs daycare facility did not qualify as tax exempt. Specifically, it concluded:

> 10. Applying the facts of this instant matter, Pine Bluffs' daycare center is not an obligatory function – one that Pine Bluffs or any municipality has a legal duty to perform. Pine Bluffs' daycare center is not a service that is provided gratuitously – Pine Bluffs charges a fee for daycare services. Pine Bluffs' daycare center is a proprietary function – or a service that is frequently carried on through private enterprises. Pine Bluffs' daycare service is provided for a service fee ***and*** is not one that is specifically exempt by Wyo. Stat. § 39-11-105(v).
>
> 11. Thus, the property owned by Pine Bluffs and used in connection with its daycare facility does not qualify for tax exempt status.

(Emphasis in original.) We must determine whether the County Board committed any errors of law in reaching these conclusions.

[¶22] Pine Bluffs' only explicit challenge with regard to these legal conclusions is an assertion that "there is a potential conflict" between subsection (b)(iv) of the Rules and the "statute related to service fees for governmentally-owned property." It is, however, unnecessary for us to answer that question, because even if we agreed with Pine Bluffs' assertion that the County Board made an error of law in applying subsection (b)(iv), Pine Bluffs claimed no specific error of law related to the County Board's conclusions that the Pine Bluffs daycare facility was not tax exempt under subsections (b)(i), (b)(ii), and (b)(iii).

[¶23] As a more generalized objection to the County Board's legal conclusions, Pine Bluffs contends that the daycare facility is used primarily for a governmental purpose, and

8

the County Board erred in deciding otherwise.[2] In its brief, Pine Bluffs asserts that it is "clear from the record that the exclusive purpose of the Daycare is to provide unique daycare services that are necessary." Pine Bluffs provided a more comprehensive version of its argument before the County Board, which summarized the Town's position as follows:

> Pine Bluffs asserts that the ultimate issue is whether or not the Pine Bluffs daycare is serving primarily a governmental purpose.
>
> In support of its contention, Pine Bluffs argued that the daycare facility:
>
> 1)   is a function essential to the operation of government, one that the public needs;
>
> 2)   is intended to and does in fact operate at a loss;
>
> 3)   has been around providing services to residents for a long period of time, when private alternatives have come and gone;
>
> 4)   is a case where a local government is offering a service for the safety, protection, [and] education of its citizens that cannot and has not been offered by the private sector;
>
> 5)   is not intended to compete with the private sector.

"Further," Pine Bluffs asserted, "the daycare center provides a safe and educational venue for children, and public safety is the first thing on the list of governmental purposes."

---

[2] Pine Bluffs points out that the County Board "did not make a finding on the primary purpose of the Daycare – the one relevant question to the legal analysis." We agree that no such ultimate conclusion was explicitly stated, but none was necessary. The County Board did conclude that the County Assessor appropriately assessed the regulatory factors that guide the determination of whether a facility serves primarily a governmental function. The County Board also concluded, as noted in ¶ 21, that "Pine Bluffs' daycare center is a proprietary function." Because the Department of Revenue and this Court have already distinguished between a governmental function and a proprietary one in which the government enters an activity that may be and frequently is carried on through private enterprise, *see* ¶ 24, the County Board did not need to further conclude that the primary purpose of the daycare was not a governmental one.

[¶24] However laudable it may be for a town to provide daycare services, and however important those services may be to the public, we cannot ignore that: (1) there is substantial evidence in the record to support the County Board's finding that daycare is typically and frequently carried on by private enterprise; (2) that case law and regulation establish that a municipality engaged in activities that may be and frequently are carried out by private enterprises are acting in their proprietary capacity, *Pine Bluffs*, 79 Wyo. at 291-92, 333 P.2d at 711-12; Wyo. Dep't of Revenue Rules, Ch. 14, § 5(b)(iii); *see also Biscar v. University of Wyoming Bd. of Trs.*, 605 P.2d 374, 376 (Wyo. 1980) ("Where the activity has historically been carried on by a private corporation . . . it is proprietary." (internal citations omitted)); (3) that the County Board correctly applied the pertinent law to the facts of this case; and (4) that after careful review, we simply cannot find that the County Board's decision constituted reversible error.

[¶25] We reverse the district court's decision and reinstate the order of the County Board.