# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 30

### OCTOBER TERM, A.D. 2023

### March 21, 2024

TETON COUNTY ASSESSOR,

Appellant
(Respondent),

v.

ASPEN S, LLC, a Wyoming limited
liability company; KELVIN H. STIRN,
as Trustee of the Kelvin H. Stirn Living
Trust; and NANCY J. STIRN, as
Trustee of the Nancy J. Stirn Living
Trust,

Appellees
(Petitioners).

S-23-0227

*Appeal from the District Court of Teton County*
The Honorable Benjamin S. Kirven, Judge

*Representing Appellant:*
    Keith Gingery, Chief Deputy County Attorney, Teton County and Prosecuting
    Attorney's Office, Jackson, Wyoming.

*Representing Appellees:*
    John Graham, Geittmann Larson Swift LLP, Jackson, Wyoming.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.
Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne,
Wyoming 82002, of typographical or other formal errors so correction may be made before final
publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    Landowners in Teton County contested the Teton County Assessor's reclassification of their property from "agricultural" to "non-agricultural."  The Teton County Board of Equalization held a contested case hearing and found that "the County Assessor's removal of the agricultural classification … is incorrect."  The Teton County Assessor seeks review of the County Board of Equalization's decision.  We reverse and remand, as the County Board of Equalization's decision failed to include findings of fact and conclusions of law as required by the Wyoming Administrative Procedure Act (WAPA).

## ISSUE

[¶2]    The parties submitted factual issues and legal issues.  However, we find a threshold issue:  Did the Teton County Board of Equalization make sufficient findings of fact and conclusions of law for us to review its decision?

## FACTS

[¶3]    Aspen S, LLC (Aspen S) and the Kelvin and Nancy Stirn Trusts (Stirn Trusts) own separate tracts of land in Teton County.  Historically, the Teton County Assessor classified both tracts as "agricultural" for tax purposes.  The Assessor determined the tracts did not qualify as "agricultural" for the 2021 tax year, resulting in a substantial increase in the taxes assessed on each property.  Aspen S and Stirn Trusts challenged those determinations.

[¶4]    The Teton County Board of Equalization held a combined contested case hearing for each challenge.  Following the hearing, the County Board of Equalization issued separate written Decisions for the Aspen S tract and the Stirn Trusts tract.  The Decisions are identical except for the description of the subject property.  They contained no factual findings and only the following legal conclusions:

- "The Board finds that the Appellant did overcome the presumption that the County Assessor's valuation was valid, accurate and correct and the Appellant did provide credible evidence to overturn the valuation."

- "The Board finds that the County Assessor's removal of the agricultural classification of the non-residential portion of the subject property is incorrect."

[¶5]    The County Board of Equalization in each case directed the County Assessor to "issue a new Notice of Assessment in a timely manner."  The County Assessor, however, appealed the decisions to the State Board of Equalization pursuant to Wyo. Stat. Ann. §

1

39-13-109(b)(ii) (LexisNexis 2023). The State Board of Equalization consolidated the cases and decided in favor of the County Assessor, finding that "the County Board, without sufficient explanation, rejected Assessor's determination." However, the State Board of Equalization also evaluated all the evidence presented to the County Board of Equalization and made an independent determination that the taxpayers failed to meet their burden of proof.[1] Aspen S and Stirn Trusts then sought judicial review of agency action in the district court. A portion of the district court's decision was adverse to the Teton County Assessor, who now seeks further judicial review here.

## STANDARD OF REVIEW

[¶6] Judicial review of the County Board's decisions is governed by Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2019). *Eisele v. Town of Pine Bluffs,* 2020 WY 22, ¶ 9, 458 P.3d 46, 48-49 (Wyo. 2020). On review, we:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; [or]

* * *

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2021).

*Gray v. Converse Cnty. Assessor,* 2023 WY 116, ¶ 5, 539 P.3d 107, 110 (Wyo. 2023).

[O]ur review is focused on the County Board's decisions, . . . [and] [w]e do not defer to the decision of the State Board [of Equalization] or to that of the district court. *Id.,* ¶ 6, 539 P.3d at 110 (citing *Eisele*, 2020 WY 22, ¶ 10, 458 P.3d at 49). . . .

---

[1] The State Board of Equalization was providing an intermediate level of appellate review. It should not make its own findings of fact but should recognize the County Board of Equalization as the fact finder. *Town of Thermopolis v. Deromedi,* 2002 WY 70, ¶ 11, 45 P.3d 1155, 1159 (Wyo. 2002).

The State Board is an intermediate level of review and [we] accord deference only to the [C]ounty [B]oard's findings of fact. . . . [T]he primary focus of our review [is] whether the [C]ounty [B]oard's decision was lawful and supported by substantial evidence.

*Id.*, ¶ 6, 539 P.3d at 110 (quoting *Eisele,* ¶ 10, 458 P.3d at 49, and *Union Pac. R.R. v. Wyo. State Bd. of Equalization*, 802 P.2d 856, 859 (Wyo. 1990)) (quotation marks omitted).

[¶7]   "We will uphold the County Board's 'findings of fact [after a contested case hearing] if they are supported by substantial evidence in the record.'" *Id.,* ¶ 7, 539 P.3d at 110-11 (citing *Solvay Chemicals, Inc. v. Wyo. Dep't of Revenue*, 2022 WY 122, ¶ 7, 517 P.3d 1123, 1127-28 (Wyo. 2022)).   Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support [the County Board's] conclusion.'" *Id.,* ¶ 7, 539 P.3d at 111 (citing *Eisele*, ¶ 9, 458 P.3d at 49).   We defer to the County Board's findings unless they are "'clearly contrary to the overwhelming weight of the evidence in the record.'"  *Bd. of Trs. of Lincoln Cnty. Sch. Dist. No. 2 v. Earling,* 2022 WY 23, ¶ 35, 503 P.3d 629, 638 (Wyo. 2022) (quoting *Flauding v. State ex rel. Wyo. Dep't of Transport.*, 2021 WY 131, ¶ 20, 499 P.3d 272, 276 (Wyo. 2021)).

[¶8]   The arbitrary-and-capricious standard of review acts as a "safety net" in contested cases to catch other agency action "'that may have violated the [WAPA].'"  *Gray,* ¶ 7, 539 P.3d at 111 (quoting *City of Rawlins v. Schofield*, 2022 WY 103, ¶ 21, 515 P.3d 1068, 1075-76 (Wyo. 2022)) (other citation omitted).   "Under the umbrella of arbitrary and capricious actions would fall potential mistakes such as inconsistent or incomplete findings of fact [or] any violation of due process[.]" *Rodgers v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2006 WY 65, ¶ 19, 135 P.3d 568, 575 (quoting *Decker v. State ex rel. Wyo. Med. Comm'n*, 2005 WY 160, ¶ 24, 124 P.3d 686, 694 (Wyo. 2005)).   "We review the County Board's 'conclusions of law *de novo* and affirm when they are in accordance with the law.'" *Gray,* ¶ 7, 539 P.3d at 110 (quoting *Solvay Chemicals, Inc.*, ¶ 7, 517 P.3d at 1127-28, and citing § 16-3-114(c)(ii)(A)).

## DISCUSSION

[¶9]   We are reviewing only the decision of the Teton County Board of Equalization. Although the State Board of Equalization and the district court conducted appellate type reviews, our concern is solely with the decision of the agency acting as a fact finder—here the County Board of Equalization.  *Union Pac. R.R.,* 802 P.2d at 859.

[¶10] Wyo. Stat. Ann. § 39-13-109(b)(i) states a County Board of Equalization, after conducting a hearing where a taxpayer challenges an assessment, "shall make specific written findings and conclusions as to the evidence presented …."   The WAPA requires even more: "A final decision or order adverse to a party in a contested case shall … include

3

findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." Wyo. Stat. Ann. § 16-3-110 (LexisNexis 2023). The State Board of Equalization has separate rules which apply to contested cases before County Boards of Equalization and also require explicit written findings: "After hearing, the county board shall issue a written decision containing findings of facts and conclusions of law separately stated." SBOE Rules, Ch. 7, § 20.

[¶11] The chair of the County Board of Equalization apparently was aware of the requirement of specific findings and conclusions. At the end of the hearing she called for a vote, noting "if there is a motion to remand (for a new assessment) **we need to state details**." (emphasis added). Unfortunately, neither of the written decisions issued by the County Board of Equalization contained any findings of fact.

[¶12] The requirement that administrative decisions rendered after a contested case hearing contain specific findings of fact and conclusions of law is not just a matter of form, it is an essential part of enabling proper review of agency action. It is impossible to apply the "substantial evidence" standard to an agency's factual findings when we do not know what those findings are.

> While there may be information in the record which would support [the County Board of Equalization's decision] . . ., deciding whether the record justifies making those findings in the first instance is the Board's task, and not that of the courts. *See JSG Trading Corp. v. U.S. Dep't of Agric.,* 176 F.3d 536, 546 (D.C.Cir.1999) ("This court, of course, cannot sift through the record evidence to find support for the result reached by the agency.") (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 50, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) ("It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.")); [*Bd. of Cnty. Comm'rs of Teton Cnty. v.*]*Teton County Youth Services,* [*Inc.,*] 652 P.2d [400,] 416 [(Wyo. 1982)] (explaining how agencies are responsible for developing a record sufficient for meaningful judicial review).

*Wilson Advisory Comm. v. Bd. of Cnty. Comm'rs*, 2012 WY 163, ¶ 53, 292 P.3d 855, 869 (Wyo. 2012).

[¶13] The County Board of Equalization did not make necessary findings of fact or conclusions of law related to whether the subject tracts qualify as "agricultural" for tax purposes. This lack of necessary findings of fact and conclusions of law renders the record insufficient to permit judicial review. *See Decker,* ¶¶ 27-36, 124 P.3d at 695-97 (describing

how an agency's failure to make basic findings of fact on material issues inhibits any kind of meaningful judicial review). By failing to follow the WAPA and our precedent requiring sufficient factual findings and conclusions of law, the County Board of Equalization acted arbitrarily and capriciously. *Id. See also, Rodgers,* ¶ 19, 135 P.3d at 575 (an agency conducting a contested case hearing acts arbitrarily and capriciously when it fails to include complete findings of fact in its decision); *Nat'l Ass'n of Home Builders v. Defenders of Wildlife,* 551 U.S. 644, 658, 127 S.Ct. 2518, 2529-30, 168 L.Ed.2d 467 (2007) (holding an agency's decision is arbitrary and capricious if it fails to consider an important aspect of the problem); *Perry v. United Food & Commercial Workers Dist. Unions 405 & 442,* 64 F.3d 238, 242 (6th Cir.1995) (explaining how the arbitrariness standard ensures that reasoned explanation supports agencies' final decisions).

[¶14]   We remand the matter to the district court, with instructions to remand to the State Board of Equalization, which shall remand to the Teton County Board of Equalization for findings and conclusions as required by §§ 16-3-110 and 39-13-109(b)(i).