# IN THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 106

OCTOBER TERM, A.D. 2024

October 9, 2024

STATE OF WYOMING,

Appellant
(Petitioner),

v.

S-24-0085

UINTA COUNTY ASSESSOR,

Appellee
(Respondent).

*Appeal from the District Court of Uinta County*
*The Honorable James C. Kaste, Judge*

*Representing Appellant:*

Bridget Hill, Attorney General; Brandi Lee Monger, Deputy Attorney General; James Peters, Senior Assistant Attorney General. Argument by Mr. Peters.

*Representing Appellee:*

Amanda F. Esch and Catherine M. Young, Davis & Cannon, LLP, Cheyenne, Wyoming. Argument by Ms. Young.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    The State of Wyoming appeals a district court ruling that state land leased to a private entity for operation of a truck stop is not exempt from taxation. We affirm.

## *ISSUES*

[¶2]    The parties' briefing presented a single issue, which we rephrase and address as two separate issues:

> 1.  Is state land leased to a private corporation for operation of a truck stop used primarily for a government purpose and therefore exempt from taxation?
>
> 2.  Did the legislature exempt from taxation acquired institutional lands managed by the Wyoming Board of Land Commissioners?

## *FACTS*

[¶3]    The State owns a 3.37-acre parcel in Uinta County (the Hospital Property). The Hospital Property is "acquired institutional land" and is held for the benefit of the Wyoming State Hospital, though it is not used as part of the Hospital's campus. Prior to 2013, the Department of Health, which oversees the Hospital, managed the property itself. In 2013, the legislature enacted a law that transferred management of all acquired institutional lands to the Wyoming Board of Land Commissioners.

[¶4]    Since 1999, the Hospital Property has been leased to Pilot Corporation, first through a lease with the Department of Health and then through a renewal of the lease with the Board of Land Commissioners. The lease authorizes Pilot to construct and operate a retail fuel center, and that is how Pilot has used and continues to use the property. Revenue generated by the Pilot lease is placed in a fund to support the Hospital.

[¶5]    In 2022, the Uinta County Assessor sent the State a notice of assessment for the Hospital Property.[1] In response, the State applied for a tax exemption, asserting the property was exempt from taxation because it was used primarily for a governmental

---

[1] Prior to 2021, the Hospital Property was mistakenly categorized as vacant state-owned land. After a field agent canvassed the property in 2020 and saw that Pilot was operating on it, the County Assessor listed the property as taxable. In 2021, the County Assessor issued a notice of assessment for the property. The State did not appeal that assessment, and in accordance with the terms of its lease, Pilot paid the tax.

1

purpose. The County Assessor denied the application, and the State timely appealed to the County Board of Equalization.

[¶6] Following a contested case hearing, the County Board ruled that the Hospital Property is owned and used primarily for a governmental purpose and was therefore exempt from taxation under Wyo. Stat. Ann. § 39-11-105(a)(ii) (2023). In particular, the County Board concluded the Board of Land Commissioners "has a fiduciary duty to generate revenue" for the Hospital and "fulfills that legal duty by leasing the Parcel to Pilot." It recognized its ruling was at odds with a Wyoming Department of Revenue rule that governmental property used by a lessee for non-governmental purposes is not tax-exempt, but it reasoned the Board of Land Commissioners had a legal duty to manage the property for the benefit of the Hospital and thus used the land for a governmental purpose.

[¶7] The County Assessor appealed the County Board ruling to the State Board of Equalization, and the State Board reversed. The State Board held that the Department of Revenue's rules have the force and effect of law and that the "applicable rules [d]o not allow an exemption for state-owned property that is used by a lessee for non-governmental purposes."

[¶8] The State appealed, and the district court affirmed the State Board's decision. The court noted that the Department of Revenue's rules were binding on the County Assessor and consistent with Wyoming caselaw. Looking to that caselaw, the court concluded that it is the end use made of government property by the lessee that must be considered in determining whether it is being used for a governmental purpose. The court concluded Pilot's use of the Hospital Property for a truck stop was not a governmental purpose and the property was therefore not exempt from taxation.

### STANDARD OF REVIEW

[¶9] "Our review is focused on the County Board's decisions, and we do not defer to the decision of the State Board of Equalization or to that of the district court." *Teton Cnty. Assessor v. Aspen S, LLC*, 2024 WY 30, ¶ 6, 545 P.3d 427, 429 (Wyo. 2024) (quoting *Gray v. Converse Cnty. Assessor*, 2023 WY 116, ¶ 6, 539 P.3d 107, 110 (Wyo. 2023)) (cleaned up). Our review of the County Board's decision is governed by Wyo. Stat. Ann. § 16-3-114(c) (2023). *Eisele v. Town of Pine Bluffs*, 2020 WY 22, ¶ 9, 458 P.3d 46, 48-49 (Wyo. 2020). On review, we:

> (i) Compel agency action unlawfully withheld or unreasonably delayed; and
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be

> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; [or]
>
> * * *
>
> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16-3-114(c).

[¶10] "The primary focus of our review is whether the County Board's decision was lawful and supported by substantial evidence." *Teton Cnty. Assessor*, 2024 WY 30, ¶ 6, 545 P.3d at 429 (quoting *Gray*, 2023 WY 116, ¶ 6, 539 P.3d at 110) (cleaned up). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support" the decision. *Teton Cnty. Assessor*, 2024 WY 30, ¶ 7, 545 P.3d at 429 (quoting *Gray*, 2023 WY 116, ¶ 7, 539 P.3d at 111). We review de novo the County Board's determination that a property is "used primarily for a governmental purpose." *Eisele*, 2020 WY 22, ¶ 12, 458 P.3d at 49. To the extent resolution of this matter requires statutory interpretation or interpretation of agency rules, our review is likewise de novo. *Loyning v. Potter*, 2024 WY 82, ¶ 5, 553 P.3d 128, 130 (Wyo. 2024) (citing *Tarver v. City of Sheridan Bd. of Adjustments*, 2014 WY 71, ¶ 20, 327 P.3d 76, 83 (Wyo. 2014)).

## DISCUSSION

[¶11] Until 1956, the Wyoming Constitution exempted all government-owned property from taxation. *Town of Pine Bluffs v. State Bd. of Equalization*, 333 P.2d 700, 703-04 (Wyo. 1958). In 1955, the legislature passed a joint resolution proposing to amend the constitution to exempt government property from taxation only "when used primarily for a governmental purpose," or "as the legislature may by general law provide." *Id*. at 704. In passing the house resolution to submit the proposed amendment to the electorate, the legislature directed the Secretary of State to endorse the ballot with the following explanation of its purpose:

> This proposed amendment to the Constitution of the State of Wyoming allows property of the Federal, State and political sub-divisions thereof, to be subject to taxation in the event that such property is being used for purposes other than governmental, in order that non-governmental activities upon governmental lands can bear their fair share of the tax burden within this State.

*Id*. at 705; *see also Town of Pine Bluffs v. Eisele*, 2017 WY 117, ¶ 12, 403 P.3d 126, 129 (Wyo. 2017) (noting that after constitutional amendment "property that had previously

been completely exempt from taxation became taxable if not owned and used primarily for a governmental purpose"); *Oakley v. Fremont Cnty. Cmty. Coll. Dist.*, 2010 WY 106, ¶ 13, 236 P.3d 1004, 1007 (Wyo. 2010) ("[T]he amendment to Article 15, § 12 shifted the exempt status from property ownership to property use."); *City of Cheyenne v. Bd. of Cnty. Comm'rs of Laramie Cnty.*, 484 P.2d 706, 707 (Wyo. 1971) (noting the amendment discarded ownership as the sole basis for the exemption).

[¶12] In 1956, the amendment passed, and the Wyoming Constitution thereafter exempted from taxation "property of the United States, the state, counties, cities, towns, school districts and municipal corporations, when used primarily for a governmental purpose, . . . and such other property as the legislature may by general law provide." Wyo. Const. art. 15, § 12. The legislature has implemented this constitutional provision with a statute stating in relevant part that "[p]roperty of the state of Wyoming owned and used primarily for a governmental purpose" is exempt from taxation. Wyo. Stat. Ann. § 39-11-105(a)(ii) (2023).

[¶13] Given this constitutional and statutory framework, the Hospital Property is exempt from taxation only if it is owned and used primarily for a governmental purpose or if the legislature has otherwise provided for its exemption. We will address each question separately.

## I. *Under our binding precedent and the Department of Revenue's rules, the Hospital Property is not owned and used primarily for a government purpose.*

[¶14] It is undisputed that the Board of Land Commissioners is statutorily obligated to manage the Hospital Property for the benefit of the State Hospital. Wyo. Stat. Ann. § 9-2-2005(g)-(h) (2023).[2] The State contends that because the Board of Land Commissioners

---

[2] The statute reads in relevant part:

> (g) The board of land commissioners shall direct, subject to the limitations contained in the constitution of the state of Wyoming, applicable state and federal law and the conveyance instrument, the control, leasing, exchange, care and disposal of all acquired institutional lands not directly utilized for departmental purposes that are managed or associated with the institutions set forth in W.S. 9-2-2005(c) whether held in the name of the state or in the name of the department. Any amount received from transactions involving these lands shall be credited as directed by state or federal law or the conveyance instrument.

> (h) All acquired institutional lands managed by the board of land commissioners subject to subsection (g) of this section shall be managed consistent with:

4

meets this obligation by leasing the property to generate revenue, it is using the property primarily for a governmental purpose. In other words, the State argues it is the reason for the lease of public property that determines whether it is used for primarily a governmental purpose, rather than the lessee's use of the property. The law does not support that position.

[¶15] The term "used primarily for a governmental purpose" is not statutorily defined, and the determination whether a property is so used "is largely dependent upon the circumstances presented in each case." *Eisele*, 2020 WY 22, ¶ 15, 458 P.3d at 50 (quoting *City of Cheyenne*, 484 P.2d at 708). The initial presumption is that public property is exempt from taxation. *Eisele*, 2020 WY 22, ¶ 15, 458 P.3d at 50 (quoting *Deromedi v. Town of Thermopolis (In re Deromedi)*, 2002 WY 69, ¶ 10, 45 P.3d 1150, 1153-54 (Wyo. 2002)); *Rules, Wyo. Dep't of Revenue*, ch. 14, § 3(a)(i) (April 2015). The burden is on the taxing authority to establish taxability. *Deromedi*, 2002 WY 69, ¶ 10, 45 P.3d at 1154; *Rules, Wyo. Dep't of Revenue*, ch. 14, § 4(b).

[¶16] Given our precedent and the Department of Revenue's rules, the County Assessor met her burden of proof. It is undisputed that Pilot's use of the Hospital Property to run a truck stop is not a governmental purpose. In other cases in which a governmental entity has leased property to a lessee who in turn used that property for a nongovernmental purpose, we have held the property to be taxable.

[¶17] For example, in *Oakley*, this Court considered whether property owned by Central Wyoming College (CWC) was tax-exempt. 2010 WY 106, ¶ 2, 236 P.3d at 1005-06. The CWC Foundation managed the property, and in keeping with its statutory "purpose of raising additional revenues for the college," it leased the property to "a daycare facility, a law office, a doctor's office, an investment company, a development company, and other private businesses . . . independent from and unrelated to CWC." *Id.*, ¶¶ 3, 5, 236 P.3d at 1006. CWC used the income generated from the leases "for CWC student scholarships, programs, and activities." *Id.*, ¶ 5, 236 P.3d at 1006. We acknowledged the intended benefits to CWC and its students from the lease revenue but focused our analysis on the use to which the private lessees put the property. *Id.*, ¶ 17, 236 P.3d at 1008. Based on

---

(i) Consideration of the needs of the institution;

(ii) Consideration of alternative uses of the property which are compatible with the mission of the institution; and

(iii) Limitations contained in the constitution of the state of Wyoming, state and federal law and the conveyance instrument.

Wyo. Stat. Ann. § 9-2-2005.

those uses, we concluded "the use of the property is primarily, if not exclusively, for private non-governmental purposes." *Id*.

[¶18]  In *City of Cheyenne*, this Court considered whether five buildings owned by the city and located on its municipally owned and operated airport were taxable. 484 P.2d at 707. It was undisputed that operation of the airport was a government function; the question was whether the leasing of the buildings to private lessees furthered that governmental purpose. *Id*. In deciding the question, the Court focused not on the lease itself, but on the use the lessees made of the property. *Id*. at 709. Based on the uses the lessees made of the property, the Court concluded that some of the buildings were tax exempt and some were not. *Id*. at 709-10.[3]

[¶19]  The applicable Department of Revenue rule echoes this focus on the lessee's end use of the property. It states:

> The leasing of publicly owned property is not, of itself, a use for nongovernmental purposes if the primary use is reasonably necessary to the efficient provision of a governmental function or service. The fact a governmental entity accomplishes such function through a lessee will not affect the exemption. ***If, however, governmental property is used by a lessee for non-governmental purposes, the property is not exempt***.

*Rules, Wyo. Dep't of Revenue*, ch. 14, § 19(c) (emphasis added).

[¶20] The State argues our prior decisions are distinguishable because they did not concern state lands or the Board of Land Commissioners' statutory obligation to manage lands for the benefit of institutions. We see no distinction. The Wyoming Constitution exempts government property from taxation based on how that property is used, not based on the governmental entity that owns or manages it. Wyo. Const. art. 15, § 12. Moreover, in *Oakley*, the CWC Foundation's statutory purpose was to raise additional

---

[3] Of the buildings, three were leased to fixed-base operators that provided numerous necessary services to aircraft operators of all types that used the airport, and the Court concluded those uses were a necessary adjunct to the operation of the airport and were thus exempt. *City of Cheyenne*, 484 P.2d at 709. One building was leased to a private corporation that serviced aircraft belonging to the United States government, with the only connection to the airport being that the aircraft landed there for servicing, and the Court thus ruled that building taxable. *Id*. at 709-10. The final building at issue was leased by an ambulance service that used the airport for its own operations but was not necessary to the operation of the airport, and the Court therefore found the building taxable. *Id*. at 710.

revenues, making our reasoning there indistinguishable and directly on point. 2010 WY 106, ¶ 3, 236 P.3d at 1006.

[¶21] We also reject the State's argument that the Department of Revenue's rules provide guidance only and are not intended to be proscriptive. An agency's "rules and regulations, when adopted pursuant to statutory authority and properly promulgated, have the force and effect of law." *Richardson v. State ex rel. Wyo. Dep't of Health*, 2024 WY 47, ¶ 10, 547 P.3d 327, 330 (Wyo. 2024). We interpret agency rules using the same rules we apply when interpreting a statute. *McCallister v. State ex rel. Dep't of Workforce Serv., Workers' Comp. Div.*, 2022 WY 66, ¶ 9, 510 P.3d 1051, 1055 (Wyo. 2022). This means we interpret them according to the plain meaning of their language. *Loyning*, 2024 WY 82, ¶ 9, 553 P.3d at 131.

[¶22] Nothing in the plain language of the Department of Revenue's applicable rule suggests that it is for guidance only and not mandatory. The rules are not characterized as guidance, and section 19(c) plainly speaks in mandatory terms, stating, "If . . . governmental property is used by a lessee for non-governmental purposes, the property is not exempt." *Rules, Wyo. Dep't of Revenue*, ch. 14, § 19(c).

[¶23] We are likewise unpersuaded by the State's reliance on the Department of Revenue's rule that "[i]f a service or function is obligatory (one the governmental entity must perform as a legal duty imposed by statute), the function is governmental and the associated property is exempt." *Rules, Wyo. Dep't of Revenue*, ch. 14, § 5(b)(i). The State contends that the Board of Land Commissioners' statutory obligation to manage the Hospital Property includes leasing the property, and thus according to this rule, the function is governmental, making the property exempt. The State further argues that leasing the property is reasonably necessary to the Board of Land Commissioners' ability to function.

[¶24] The State's argument ignores that our precedent and the Department rules focus on the end use of the property to determine whether it is tax-exempt. Moreover, although the Board of Land Commissioners is statutorily required to manage the Hospital Property for the benefit of the State Hospital, nothing in its statutory mandate requires that it manage the property in a manner that maintains its tax-exempt status. Thus, the taxability of the property does not undermine the ability of the Board of Land Commissioners to function as statutorily directed.

[¶25] The lessee of the Hospital Property uses the property to run a truck stop, which the parties agree is not a governmental purpose. That is the use the law requires us to consider to determine the property's taxability, and the County Board thus erred in ruling the property was exempt from taxation.

***II.     The Legislature has not exempted the Hospital Property from taxation.***

[¶26] Public property not used primarily for a government purpose is nonetheless exempt from taxation if the legislature provides by law for the exemption. Wyo. Const. art. 15, § 12. The State contends the legislature did just that when it specified that "[i]mprovements placed on state lands by lessees for private or commercial use" does not qualify as property "owned and used primarily for a governmental purpose." *See* Wyo. Stat. Ann. § 39-11-105(a)(ii)(A). According to the State, because the legislature excluded a lessee's improvements from the exemption, but not the land itself, it must have intended the exemption to apply to the land. We disagree.

[¶27]  Our goal in interpreting statutes is to give effect to the legislative intent, which we do by looking to the plain language of a statute and considering all related statutes as a whole. *Holding v. Luckinbill*, 2022 WY 10, ¶ 13, 503 P.3d 12, 17 (Wyo. 2022). What the State is essentially arguing for is an implied exemption, which is directly contrary to the intent reflected in the Legislature's direction that "[a]ll property within Wyoming is subject to taxation as provided by this act except as prohibited by the United States or Wyoming constitutions or ***expressly exempted by W.S. 39-11-105***." Wyo. Stat. Ann. § 39-11-103(a)(i) (2023) (emphasis added).

[¶28] For this same reason we reject the State's claim that "[h]ad the Legislature intended for any state land used by a lessee for private or commercial purposes to be subject to property taxation, it would have said so." This reasoning is upside down. Under the Wyoming Constitution public property not used primarily for a governmental purpose is exempt from taxation only if the legislature so directs, and the legislature has said it will expressly exempt property when that is its intention. Wyo. Const. art. 15, § 12; Wyo. Stat. Ann. § 39-11-103(a)(i). The legislature has not exempted institutional land that the Board of Land Commissioners leases to private lessees who in turn use it for nongovernmental purposes, and we therefore find no exemption.

[¶29]  Our conclusion is reinforced by our presumption that when the legislature acts, it does so "in a thoughtful and rational manner with full knowledge of existing law, and that it intended new statutory provisions to be read in harmony with existing law and as part of an overall and uniform system of jurisprudence." *Holding*, 2022 WY 10, ¶ 13, 503 P.3d at 17 (quoting *Life Care Ctr. of Casper v. Barrett*, 2020 WY 57, ¶ 16, 462 P.3d 894, 898-99 (Wyo. 2020)). In 2013, when the legislature assigned management of acquired institutional lands to the Board of Land Commissioners, our decisions in *Oakley* and *City of Cheyenne* had established that it is the end use a lessee makes of government property that determines its taxability. And the Department of Revenue had in place its same rule that "[i]f . . . governmental property is used by a lessee for non-governmental purposes, the property is not exempt." *Rules, Dep't of Revenue*, Ch. 14, § 16(c.) (2008). Given that framework, we presume that had the legislature not intended that a lessee's end use of

institutional land govern the property's taxability, it would have addressed its concern by expressly exempting those lands from taxation.

[¶30]   Finally, the State contends that a holding by this Court that the Hospital Property is not exempt from taxation will have broad implications for other lands managed by the Board of Land Commissioners. It asserts:

> The Board leases millions of acres of state land to private entities who conduct commercial businesses on the land. For example, grazing livestock by a private lessee is not a governmental purpose. The same is true of most activities for which the Board leases state lands and acquired institutional lands—the vast majority of state lands are leased to private entities who conduct commercial businesses, not governmental purposes.

[¶31]   While we appreciate the State's concern, it is advocating a broad categorical exemption from taxation. This implicates the legislature's concern, when it proposed amending Article 15, Section 12, "that non-governmental activities upon governmental lands . . . bear their fair share of the tax burden within this State." *Town of Pine Bluffs*, 333 P.2d at 705. Whether such an exemption should be created is a policy question for the legislature, not for this Court.

> When the words used are clear and unambiguous, a court risks an impermissible substitution of its own views, or those of others, for the intent of the legislature if any effort is made to interpret or construe statutes on any basis other than the language invoked by the legislature. If the language selected by the legislature is sufficiently definitive, that language establishes the rule of law. This inhibition upon statutory construction offers assurance that the legislative efforts and determinations of elected representatives will be made effective without judicial adjustment or gloss.

*Sinclair Wyo. Refin. Co. v. Infrassure, Ltd.*, 2021 WY 65, ¶ 13, 486 P.3d 990, 995 (Wyo. 2021) (quoting *Taylor v. State ex rel. Wyo. Workers' Safety and Comp. Div.*, 2003 WY 83, ¶ 10, 72 P.3d 799, 802 (Wyo. 2003)).

[¶32]   Under the plain language of Wyo. Stat. Ann. § 39-11-105(a)(ii), the exemption the State argues for does not exist. We defer to the legislature to create such an exemption if that is its will.

## *CONCLUSION*

[¶33] The Hospital Property is not owned and used primarily for a governmental purpose, and the legislature has not otherwise exempted it from taxation. The property was therefore taxable, and the County Board erred in ruling otherwise. We therefore affirm the district court order upholding the State Board's reversal of the County Board's decision.